HORTON, Judge.
This appeal is from a final decree in a quiet title suit confirming a perpetual easement and right of way in the Florida East Coast Railway Company, based upon an Act of Congress, March 3, 1875, 18 Stat. 482 and 483, 43 U.S.C.A. §§ 934 and 939. This Act granted an easement of 100 feet on either side of the railroad’s central line; however, the appellant contests only the *199 title to fifty feet on the northwesterly side of the line.
The railway complied with all the terms of the Act of Congress aforesaid on or before July 29, 1905, and, in fact, completed its road and commenced. operations over the property in question. The appellant is the surviving wife of an original holder of a patent from the United States Government, which patent was dated February 15, 1912 and recorded on August 6, 1912 in the Public Records of Dade County, Florida. The appellant and her deceased husband also caused a plat of their property adjoining the railroad’s right of way, and including fifty feet thereof on the west side, to be placed of record in Dade County, Florida. The railway company did not record its grant in the Public Records of Dade County, Florida, prior to the institution of this action.
The sole point urged by the appellant is whether or not the Florida recording statute, Sec. 695.01, Fla.Stat., F.S.A., is applicable. It is under this point, the appellant contends, that the prior recording of the United States patent in the Public Records of Dade County, Florida, vests title to the land in question superior to that of the appellee under the Act of Congress.
We find it unnecessary to discuss the appellant’s contention as it is admitted that she had knowledge, or at least the patentee under whom she claims had actual knowledge, of the railroad’s interest from the fact that it was operating on the property at the time that the patent was obtained from the United States. Although the appellant admits that she had knowledge of the railroad’s operations upon the property in question, or that the patentee had such knowledge prior to the granting of the patent, nevertheless she did not know the extent of the appellee’s claim. Under these circumstances, the appellant was put upon inquiry as to the nature and extent of the appellee’s claim. We feel this question has been foreclosed by the Supreme Court of the United States in Great Northern Ry. Co. v. Steinke, 1923, 261 U.S. 119, 43 S.Ct. 316, 67 L.Ed. 564.
No showing having been made of error committed by the lower court in the entry of the decree appealed from, the same should be and it is hereby affirmed.
Affirmed.
CARROLL, CHAS., C. J., and DREW, E. HARRIS, A. J., concur.